McKinney, J.
delivered the opinion of the court.
This is an action of covenant on the following obli-ligation: “For value received, I promise to pay Joseph Johnson, three hundred and fifty-eight dollars and twenty five cents, with interest from date, to be paid as soon as I collect a note I have brought suit on against Jordan Brown and John Cox, or rather against the executors of Jno. Cox. Witness my hand and seal, this 11th day of June, 1838. James C. Jones, Seal.”
The declaration avers that the money due upon said note had been collected, and assigns, as a breach of the covenant sued on, the failure and refusal of the defendant to pay to the plaintiff, the amount due upon said covenant.
The substance of the plea, is, that the defendant “has kept and performed his said covenant;” on which plea issue was joined.
The circuit judge held that, upon this issue, the defendant could not be permitted to prove that he had not collected said note from the executors of Cox, in conse *185 quence of the insolvency of the estate. And the question is, did he err in thus holding? We think not.
In the action of covenant, there is properly speaking, no general issue or plea, amounting to a traverse or denial of the whole declaration, so as thereby to put the plaintiff to the necessity of proving the whole. Even the plea of non est factum only puts the deed in issue, and not the breach of covenant, or any other matter of defence. The defendant must, therefore, plead specially every matter of defence of which, under the circumstances of the case, he is at liberty to avail himself: and the evidence must be confined to the issue made by such special plea.
The defendant must plead specially, performance of the covenant; and likewise matter in excuse of performance. 1 Chitty Pl., 523, 524.
Upon issue joined on the plea of performance, the defendant assumes the burden of proof; and, on the trial of such issue, evidence in excuse of performance, in whole or in part, is wholly irrelevant and inadmissible.
The judgment of the circuit court will be affirmed.